NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MACK A. BETTS,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2016-1733

_____

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00050-CFL, Judge Charles F. Lettow.

_____

Decided: July 8, 2016

_____

MACK A. BETTS, Detroit, MI, pro se.

DEVIN ANDREW WOLAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ALLISON KIDD-MILLER.

_____

Before PROST, *Chief Judge,* BRYSON and WALLACH, *Circuit Judges.*

PER CURIAM.

Mack Betts appeals the dismissal of his complaint for lack of subject matter jurisdiction by the U.S. Court of Federal Claims. For the reasons discussed below, we affirm.

## BACKGROUND

On December 28, 2015, Mr. Betts filed a complaint with the Court of Federal Claims seeking review of his "Request for Benefits for Nine Dependents." Appellee's App. 3. Mr. Betts's request was based on a workplace injury and a subsequent denial of benefits in an action Mr. Betts brought against his employer at the Michigan Compensation Appellate Commission.

The Court of Federal Claims dismissed Mr. Betts's request for lack of subject matter jurisdiction because the United States was not a party to the dispute. The Court of Federal Claims also declined to transfer the case to another federal court because no federal court would have jurisdiction under the *Rooker-Feldman* doctrine.

Mr. Betts subsequently filed this appeal and seeks an order for payment to compensate for the time he lost from work while injured.

## DISCUSSION

We review the legal question of subject matter jurisdiction de novo, without deference to the Court of Federal Claims. *Smith v. United States*, 709 F.3d 1114, 1115 (Fed. Cir. 2013). We review decisions not to transfer a case under 28 U.S.C. § 1631 for an abuse of discretion. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008).

## I

Unlike other federal courts, the jurisdiction of the Court of Federal Claims is limited by statute to "money judgments in suits brought for relief against the United States." *United States v. Sherwood*, 312 U.S. 584 (1941). That is, there is no jurisdiction over claims against private parties.

Here, Mr. Betts's complaint is not against the United States; it is against his employer. Consequently, the Court of Federal Claims does not have jurisdiction over Mr. Betts's case. The Court of Federal Claims did not err in this determination.

## II

When a case has been filed in a federal court that does not have jurisdiction, that court may, in its discretion, transfer that case to any federal court where jurisdiction would be proper "if it is in the interest of justice." *See* 28 U.S.C. § 1631. For a transfer to be in the "interests of justice," there must be jurisdiction in another federal court. *See id*; *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

In this case, the Court of Federal Claims determined that there would be no jurisdiction over Mr. Betts's claims in any federal court under the *Rooker-Feldman* doctrine. Named for two Supreme Court cases, the doctrine holds that federal courts are without subject matter jurisdiction when four conditions are met: (1) the case is brought by an unsuccessful party in a state court action; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the state court case terminated before litigation started in federal court; and (4) the unsuccessful party requests that the federal court review and reject the state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005).

We agree with the Court of Federal Claims that all four conditions are met. First, Mr. Betts initially brought suit against his employer in Michigan state court. Second, Mr. Betts seeks compensation based on the state court's denial of benefits. Third, the state court made its decision before Mr. Betts filed his complaint at the Court of Federal Claims. Finally, Mr. Betts requests that the Court of Federal Claims review and reject that decision.

Because the conditions for the *Rooker-Feldman* doctrine are met, no federal court would have subject matter jurisdiction over Mr. Betts's complaint. Therefore, the Court of Federal Claims did not abuse its discretion in declining to transfer Mr. Betts's case under 28 U.S.C. § 1631.

CONCLUSION

For the foregoing reasons, we affirm the dismissal of Mr. Betts's case for lack of subject matter jurisdiction.

**AFFIRMED**

COSTS

Each party shall bear their own costs.